UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WINTERS and JAKE GRUBER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWO TOWNS CIDERHOUSE, INC,<br><br>Defendant. | Case No. 20-cv-00468-BAS-BGS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>**(ECF No. 23)** |

On March 12, 2020, Plaintiff Richard Winters filed a putative class action complaint for violations of California unfair competition law, pursuant to Calif. Bus. & Prof. Code §§ 17200 et seq. and §§ 17500 et seq. against Two Towns Ciderhouse, Inc. ("2 Towns"). (Compl., ECF No. 1.) Plaintiff amended that complaint twice, adding claims for a violation of California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. and a violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and adding Jake Gruber as a named Plaintiff. (ECF Nos. 11, 18.) The gist of the allegations is that Defendant intentionally labeled its drink products with false and misleading claims that they contain no artificial flavors when the products contained artificial Malic Acid (DL-Malic Acid) instead of non-artificial L-Malic Acid. (Compl. ¶ 1.)

Plaintiffs file an unopposed Motion for Final Approval of Class Action Settlement. (ECF No. 24.) The terms of the Settlement are summarized in this Court's Order granting final approval filed simultaneously with this Order.

Plaintiffs' counsel also filed a Motion for Attorneys' Fees, Costs and Incentive Award requesting $246,250 in attorneys' fees; $7,907.96 reimbursement for costs; $250,000 for the costs of administering the class, particularly for providing notice to the class; and incentive awards of $5,000 for named Plaintiff Jake Gruber and $7,500 for named Plaintiff Richard Winters. (ECF No. 23.)  Defendant does not oppose the request.

The Court held a hearing on the issue on May 10, 2021.  At the hearing, Plaintiffs' counsel amended the cost request to $7,376.66.

After reviewing the time sheets and considering the arguments of counsel both oral and written, the Court concludes that the requested amounts are reasonable and **GRANTS** the Motion.  (ECF No. 23.)

## I.     LEGAL STANDARD

Courts have an independent obligation to ensure that the attorneys and class representative fees awarded, like the settlement amounts, are reasonable.  *In re Bluetooth Headsets Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  Where a settlement produces a common fund for the benefit of the entire class, the courts have the discretion to employ a "percentage of recovery method." *Id.* at 942.  Typically, courts calculate 25% of the fund as a "benchmark" for a reasonable fee award.  *Id.*   Injunctive relief should generally be excluded from the value of the common fund when calculating attorneys' fees because most often the value of the injunctive relief is not measurable.  *Staton v. Boeing Co.*, 327 F.3d 938, 945–46 (9th Cir. 2003).

"The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).  Thus, courts are encouraged to cross-check this method by employing the "lodestar method" as well.  *In re Bluetooth*, 654 F.3d at 949.

In the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work.  *Id.* at 941.  The hourly rate may be adjusted for the experience of the attorney.  *Id.*  "Time spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the

Plaintiff class." *In re Washington Public Power Supply System Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The resulting amount is "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). The Court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class. *In re Bluetooth* at 942.

The court may find a fee request is excessive but that there is no further evidence class counsel betrayed class interests for its own benefit, and thus uphold the agreement, while lowering the fee award. *Id.*

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Nonetheless, the Court has an obligation to assure that the amount requested is fair. *In re Bluetooth*, 654 F.3d at 941. "The propriety of incentive payments is arguably at its height when the award represents a fraction of the class representative's likely damages . . . . But we should be more dubious of incentive payments when they make the class representative whole, or (as here) even more than whole." *In re Dry Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013).

## II.   ANALYSIS

### A.   Attorneys' Fees

Turning first to the percentage-of-recovery method, the Court notes that the $246,250 is 25% of the total class settlement of $985,000. This amount is generally reasonable. *See Paul, Johnson, Alston and Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.

1989) (ordinarily 25% of the settlement fund for attorneys' fees is the benchmark and awards range from 20–30% of the fund created).

But the Court additionally cross-checks the request by evaluating the amount under a lodestar method. The Court finds the hours detailed by Plaintiffs' counsel were reasonable and necessary for this case. (*See* Decl. of Todd M. Friedman in supp. of Pls.' Mot. for Attorneys' Fees and Costs ("Friedman Decl."), ECF No. 23-1.) Additionally, the hourly attorneys' fees of $375 to $750 are reasonable for this district. *See McCurley v. Royal Seas Cruises*, No. 17-cv-986-BAS-AGS, 2020 WL 7074948 (S.D. Cal. Dec. 3, 2020) (approving similar hourly rates for these attorneys; the Laffey Matrix (6/19–5/31/20) listing comparable hourly rates for attorneys with these attorneys' experience level). Plaintiffs also submit fees of $195/hour for their in-house chemistry expert who holds a master's degree in chemistry. The Court also finds this is reasonable.

Using this lodestar calculation, Mr. Friedman submits bills that total $183,590. However, this calculation includes hours for "anticipated future hours" without explaining what future hours are anticipated.[1] In addition, the attorneys include time spent drafting the attorneys' fee motion which is not recoverable. *See In re: Washington Public Power*, 19 F.3d at 1288.[2] Thus, the Court finds the appropriately billed amount is $146,985 ($183,590 less $27,500 for future hours and less $9,105 for drafting the fee motion).

When this amount is used to cross-check the 25% of the settlement amount requested, the Court finds the $246,250 requested is actually 1.675 more than the amount billed. In the context of this case, the Court finds a lodestar of 1.675 is not unreasonable or out of the realm of multipliers other courts have awarded. *See, e.g.*, *Vizcaino*, 290 F.3d at 1043 (upholding a lodestar multiplier cross-check of 3.65); *Kelly v. Wengler*, 822 F.3d

---

[1] Mr. Friedman lists ten "anticipated future hours" at $750/hour or $7,500; Mr. Bacon lists 25 "anticipated future hours" at $650/hour or $16,250; and Mr. Perry lists ten "anticipated future hours" at $375 or $3,750, for a total of $27,500.

[2] Mr. Friedman details 4.6 hours at $750/ hour or $3,450 for his work on the fee motion. Mr. Bacon details 8.7 hours at $650/hour or $5,655 for his work on the fee motion. Thus, the total billed for the fee motion is $9,105.

1085, 1093, 1105 (9th Cir. 2016) (affirming lodestar multipliers of 2.0 and 1.3); *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 572 (9th Cir. 2019) (finding multipliers of 1.22 and 1.55 to be "modest or in-line with others we have affirmed"). A multiplier of 1.675 is appropriate in this case because of the contingent nature of the litigation and the fact that counsel assumed the risk, including fronting the costs, of the litigation. Additionally, counsel achieved the ultimate goal of getting Defendant to omit artificial DL-Malic Acid from its drink products as well as getting Defendant to change the packaging labels, which the Court finds to be a superior result. Thus, the Court applies a multiplier of 1.675, and finds that the lodestar calculation supports the 25% award in this case. Thus, the Court approves the requested attorneys' fees amount of $246,250.

### B.   Costs

Plaintiffs also request reimbursement of costs in the amount of $7,376.66, which includes the costs of filing and serving the complaint, transmitting copies of ECF filings to the Court, mailing expenses and investigative costs, and, primarily, the costs of mediation. (Friedman Decl. ¶ 22.) The Court finds these are all reimbursable costs.

Additionally, the class administrator Postlethwaite and Netterville, APAC ("P&N") requests costs in the amount of $250,000 for administering the class. Brandon Schwartz, Director of Notice for P&N, submits a declaration indicating that the administrative costs incurred by the class administrator so far is $215,003, and that he anticipates this will rise to $251,934 by the time the case is fully resolved. (Decl. of Brandon Schwartz ("Schwartz Decl.") ¶ 21, ECF No. 24-5.) Thus, the Court finds the requested amount of $250,000 is appropriate.

### C.   Incentive Fees

Plaintiffs request incentive fees for the two named plaintiffs in the amount of $7,500 for Richard Winters and $5,000 for Jake Gruber. According to Mr. Friedman and the declarations filed by these two plaintiffs, Richard Winters, who was the first plaintiff in the case, assisted with drafting pleadings, helped with informal discovery, sent the cans of product he had retained to the lab for testing, and attended the mediation that resulted in

this settlement. (Friedman Decl. ¶ 41; Decl. of Richard Winters ¶ 2, ECF No. 24-4.) Similarly, Mr. Gruber regularly discussed the case with his lawyers, assisted in informal discovery, helped in drafting the Second Amended Complaint and stayed in touch with his attorneys during settlement discussions. (Decl. of Jake Gruber ¶ 2, ECF No. 24-3.)

The Court finds the amount requested is reasonable. In *On-line DVD Rental*, the Ninth Circuit pointed out that the focus is less on the amount the class representative is awarded compared to the amount the individual class members is awarded and "more on the number of class representatives, the average incentive award amount, and the proportion of the total settlement that is spent on the incentive awards." 779 F.3d at 947. Ultimately, the court in that case found that $5,000 was a reasonable amount for an incentive award. *Id.*

In this case, there are only two named class representatives. The total incentive award ($12,500) is only 1.27% of the total settlement fund. Plaintiffs request that Jake Gruber be awarded $5,000, which has been approved in many other cases. Although the request for Richard Winters is slightly higher, he participated in the lengthy mediation that resulted in the settlement in this case and was involved with the case from the outset. Thus, the Court finds the modest additional amount of $7,500 is appropriate for him.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards (ECF No. 23). The Court grants Plaintiffs' request that the Court award Plaintiffs' counsel $246,250 in attorneys' fees, $7,376.66 in costs, $250,000 for the settlement administrator P&N for administering the class and providing notice, and incentive awards of $7,500 for named plaintiff Richard Winters and $5,000 for named plaintiff Jake Gruber.

**IT IS SO ORDERED.**

**DATED: May 11, 2021**

Hon. Cynthia Bashant
United States District Judge