# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RICHARD WINTERS and JAKE GRUBER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TWO TOWNS CIDERHOUSE, INC,

Defendant.

Case No. 20-cv-00468-BAS-BGS

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

**(ECF No. 24)**

On March 12, 2020, Plaintiff Richard Winters filed a putative class action complaint for violations of California unfair competition law, pursuant to Calif. Bus. & Prof. Code §§ 17200 *et seq.* and §§ 17500 *et seq.* against Two Towns Ciderhouse, Inc. ("2 Towns"). (Compl., ECF No. 1.) Plaintiff amended that complaint twice, adding claims for a violation of California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and a violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and adding Jake Gruber as a named Plaintiff. (ECF Nos. 11, 18.) The gist of the allegations is that Defendant intentionally labeled its drink products with false and misleading claims that they contain no artificial flavors when the products contained artificial Malic Acid (DL-Malic Acid) instead of non-artificial L-Malic Acid. (Compl. ¶ 1.)

The Court previously granted preliminary approval of the class action settlement, provisionally granted class certification for settlement purposes, ordered notice to the class,

and set the matter for a hearing on final approval of class settlement. (ECF No. 22.) Plaintiffs now file this Motion for Final Approval. (ECF No. 24.) The hearing was held on May 10, 2021, and the Court now **GRANTS** the Motion for Final Approval.

## I.   SETTLEMENT AGREEMENT

### A.   Settlement Summary

The proposed settlement agreement applies to class members ("Class" or "Class Members") defined as:

> all persons within the United States who purchased the following 2 Towns products as consumers within four years prior to the filing of the original Complaint until the Class Notice Date: Bright Cider, Easy Squeezy, Pacific Pineapple, Made Marion, Ginja Ninja, or Outcider, Bad Apple, Cherried Away, Cot in the Act, Sun's Out Saison, Nice & Naughty, Rhubarbarian, Pearadise, Prickly Pearadise, Serious Scrump, and Imperial Hop & Stalk.

Excluded from the class are 2 Towns and its employees and agents. ("Settlement" or "Settlement Agreement" §§ 1.7, 2.2.1, Ex. A to Decl. of Todd M. Friedman ("Friedman Decl."), ECF No. 21-1.)

The Settlement Agreement outlines the agreed-upon injunctive relief. 2 Towns has ceased using DL-Malic Acid in the designated class products and shall use L-Malic acid instead. (Settlement Agreement, § 2.1.1.) Additionally, "within 30 days after the effective date, 2 Towns shall cause the statement 'Nothing Artificial' to be removed from packaging for products not already introduced into the stream of commerce [and] . . . from its website." (*Id.* § 2.1.2.)

Defendant also agrees to set up a common settlement fund of $985,000. (Settlement Agreement § 2.2.1.) This settlement fund will be used to pay: (1) the costs and expense of notice and administration, not to exceed $250,000 (*id.*); (2) any service award to the Class Representatives not to exceed $7,500 for Richard Winters and $5,000 for Jake Gruber (*id.* § 2.2.3); and (3) attorney's fees, not to exceed 25% of the settlement fund, and costs, not to exceed $20,000. (*Id.* § 2.2.2.) The Settlement Agreement is not conditioned on the Court's approval of any attorneys' fees or costs sought by Class Counsel. (*Id.*)

Any amount remaining will be distributed pro rata to Class Members who submit timely and valid claims to the Class Administrator. (Settlement Agreement § 5.1.) Class Members may make claims, either by mail or via the Class Settlement Website. (*Id.*) Class Members will be able to select the number of each Class Product they purchased during the Class Period and will receive a weighted pro rata distribution of the remaining Settlement Fund, depending on the number of claims made and the total number and distribution of Class Products claimed. (*Id.*) There will be a cap of ten Class Products per Class Member for those Class Members who do not have proof of purchase. (*Id.*) If any Class Member wishes to make a claim for more than ten Class Products, proof of purchase will be required and must be provided to the Claims Administrator. (*Id.*) "The weighted pro rata share will be calculated based on the purchase prices of the products claimed, the number of products claimed, and the total number and distribution of products claimed by all participating Class Members." (*Id.*) The formula for the weight of each product is set forth in a detailed table in the Settlement Agreement. (*Id.*)

Any funds remaining after payment of all settlement costs, attorneys' fees, and payments to the settlement class shall be paid to Public Justice, a non-profit organization dedicated to consumer rights advocacy. (Settlement Agreement § 5.5.) Public Justice advocates for accurate product labels. Since the distribution is pro-rata for those who file Claims Forms, this *cy pres* distribution will equal the amount for those who file Claims Forms and then essentially disappear or refuse to timely deposit a check. As a result, it is not expected to be substantial.

### B. Notice

The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.) Notice under the Class Action Fairness Act ("CAFA") was completed in compliance with 28 U.S.C. §1715(b). (*See* Decl. of Richard Patch Re: Compliance with Notice Provisions ¶ 2, ECF

No. 25.) Notice via social media resulted in 30,633,610 impressions. (Schwartz Decl. ¶ 4.) Radio notice via Spotify resulted in 394,054 impressions. (*Id.* ¶ 5.) The settlement website received 155,636 hits, and the toll-free number received 51 calls. (*Id.* ¶¶ 9, 14.) Thus, the Court finds the Notice complies with due process.

### C. Reaction of the Class

The Class Administrator has received 92,390 total claims, 35,593 of which are valid. (Schwartz Decl. ¶¶ 16–17.) There have been only eight valid opt-outs and no objections filed by any members of the class. (*Id.* ¶¶ 19–20.) Given the number of claims, the Class Administrator expects class members to get approximately $13.14 each. (*Id.* ¶ 18.)

## II. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, according to Federal Rule of Civil Procedure 23(e)(2), "the court may approve [a settlement that would bind class members] only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether the proposed settlement is fair, reasonable, and adequate, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

In the Order granting preliminary approval, the Court previously analyzed each of the above factors, with the exception of the reaction of class members to the proposed settlement. (ECF No. 22.) The Court adopts and incorporates in this Order the reasoning and analysis previously outlined in preliminarily approving the settlement. (*Id.*)

With respect to the reaction of the class, it appears the class members' response has been overwhelmingly positive. No objections have been filed, and only eight out of 35,593

valid class members have opted out. The Court, therefore, finds that the reaction of the class supports approving the class settlement.

For the reasons stated in this Order and in its previous Order, the Court finds the Settlement Agreement and Release is fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Class.

### III. ORDER

The Court **GRANTS** the Motion for Final Approval of the Class Action Settlement. (ECF No. 24.) The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement and Release in accordance with its terms and conditions.

The Court finds that there were eight opt-outs from the Settlement (Mary Eberle, Wendy Snead, Nikia Reid, Rebecca Davis, Sunshine Harper, Sasha Penn Roco, Dana Savoie, and Aniqua Tultul). The Court, therefore, orders that these eight individuals be excluded from the Final Order. All other Settlement Class Members are ordered permanently barred from filing or prosecuting any of the Settlement Class Members' Released Claims against the Defendant.

The following injunctive relief is hereby ordered:

(1) 2 Towns shall cease using DL-malic acid in the Products and shall use L-malic acid in the Products.

(2) Within 30 days of the Effective Date, 2 Towns shall cause the statement "Nothing Artificial" to be removed from packaging for Products not already introduced into the stream of commerce. Additionally, within 30 days after the Effective Date, 2 Towns shall cause the statement "Nothing Artificial" to be removed from its website statements regarding the Products.

2 Towns shall be bound by the terms and conditions of this injunction for a period of two years following the Effective Date. 2 Towns may apply to the Court for relief from the requirements of this injunction for good cause shown.

The following monetary relief is hereby ordered pursuant to the terms of the Settlement Agreement and Release:

(1) Within 30 days of the Effective Date, provided that 2 Towns has been provided with a Form W-9 and payment instructions, 2 Towns shall tender $985,000 to the Claims Administrator for deposit into a common Settlement fund to be held by the Claims Administrator and used to pay/reimburse the following amounts pursuant to the order of the Court in a separate order:

(a) the costs and expense of notice and administration;

(b) any Service Award to the Class Representatives;

(c) attorneys' fees and costs; and

(d) a pro rata distribution of the remainder to Class Members who submit timely and valid claims to the Claims Administrator, as set forth in section 5.1 of the Settlement Agreement.

Jurisdiction is retained by this Court for 24 months following the Effective Date for the purpose of enabling any party to this Final Judgment to apply to the Court for such further orders and directions as may be necessary and appropriate for carrying out this Final Judgment and Settlement Agreement and Release, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations.

Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement and Release, the Court directs the Clerk to enter final judgment, pursuant to Federal Rule of Civil Procedure 54(b), in favor of Plaintiffs and against Defendant without any admission by 2 Towns of liability or as to the merits of any of the allegations in the Complaint.

**DATED: May 11, 2021**

Hon. Cynthia Bashant
United States District Judge